**NOT FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re:<br><br>Shyron Vernice Bailey, | Case No.: 19-15531-ABA<br><br>Chapter: 7 |
| Shyron Vernice Bailey,<br>        Plaintiff,<br>v.<br>Navient Solutions, LLC,<br>        Defendant. | Adv. No.: 19-1159-ABA<br><br>Judge: Andrew B. Altenburg, Jr. |

**MEMORANDUM DECISION**

Plaintiff Shyron Vernice Bailey ("Ms. Bailey"), commenced this adversary proceeding against Navient Solutions, LLC ("Navient") seeking to discharge her student loan debt under section 523(a)(8) of the Bankruptcy Code. After a trial, the court entered a Memorandum Decision that held that under the required test applied in the Third Circuit, Ms. Bailey did not qualify for a student loan discharge. Ms. Bailey then filed a Motion to Reopen and a Motion to Reconsider. For the reasons stated herein, the Motion to Reopen must be denied.

**JURISDICTION AND VENUE**

This matter before the court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I), and the court has jurisdiction pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157(a) and the Standing Order of Reference issued by the United States District Court for the District of New Jersey on July 23, 1984, as amended on September 18, 2012, referring all bankruptcy cases to the bankruptcy court. The following constitutes this court's findings of fact and conclusions of law as required by Federal Rule of Bankruptcy Procedure 7052.

## PROCEDURAL HISTORY

Ms. Bailey filed a no asset chapter 7 bankruptcy case on March 19, 2019. She obtained a discharge on June 28, 2019, and the case was closed on July 11, 2019.

On April 3, 2019, Ms. Bailey commenced an adversary proceeding against Navient seeking to discharge her student loan debt under section 523(a)(8) of the Bankruptcy Code. The court held a trial at which both parties participated and submitted evidence. No experts testified and no expert reports were submitted. Ms. Bailey produced no witnesses other than herself. At the close of trial, the court permitted the parties to submit post-trial briefs—which Ms. Bailey did, albeit untimely, and with 65 pages of documents not presented at trial (the "New Evidence") (Doc. No. 46).

On June 30, 2021, the court issued its written Memorandum Decision (Doc. No. 44) finding that under Third Circuit precedent applying the *Brunner* test, Ms. Bailey could not discharge her student loans. Judgment was entered consistent with the Memorandum Decision the same day (Doc. No. 45) ("Judgment"). No appeal or motion to alter or amend the Judgment under Fed. R. Bankr. P. 9023 was filed, and the adversary proceeding was closed on July 16, 2021.

Nevertheless, on July 19, 2021, Ms. Bailey filed a Motion to Reopen and a Motion to Reconsider the Judgment (the "Motion") (Doc. No. 49). A hearing on the Motion was scheduled for August 24, 2021. On August 13, 2021, Navient filed a Response to the Motion (Doc. No. 52). Ms. Bailey then filed an Affidavit in Support of the Motion ("Affidavit") on August 20, 2021 (Doc. No. 56). As a result of that submission, a steadfast deadline of September 7, 2021 for any and all final submissions was set. Navient submitted a response on August 30, 2021 (Doc. No. 58) and Ms. Bailey submitted a certification (the "Certification") on September 7, 2021 (Doc. No. 59). The parties waived oral argument and asked that the matter be decided on the papers (Doc. No. 54).

With all submissions in, the matter is now ripe for disposition.

## FINDINGS OF FACTS

The New Evidence included a one-page summary describing lumbar laminectomy surgery with no specific reference to any patient, a recurring payment confirmation letter to Sallie Mae, bank statements and checks from Wells Fargo and Police and Fire Federal Credit Union from 2015-2019, and what appears to be Ms. Bailey's account history with Navient from 2006-2019 (Doc. No. 46). The remainder related to the third prong of the *Brunner* test, a prong which the court found was satisfied by Ms. Bailey.

In both the Affidavit and Certification, Ms. Bailey asserted new facts and attached documents not presented and/or available at trial (the "Additional New Evidence"). In the Affidavit, Ms. Bailey stated that her husband had Achilles surgery on June 1, 2021 and was scheduled to have lumbar laminectomy surgery on August 10, 2021, but that he was admitted to the hospital on July 21, 2021 due to an infection on his Achilles incision (Doc. No. 56, p. 1-2). She stated that he had to have two emergency surgeries, that home care nurses come to their house a few times a week, and they have a standing doctor's appointment with a plastic surgeon every Wednesday. *Id.* She included that she had missed several days at work and has had to use Family Medical Leave Act time. She stated that she and her husband were informed at an August 18, 2021 appointment that Mr. Bailey is not healing, requiring a more invasive surgery and physical therapy before the lumbar laminectomy will be scheduled. *Id.* Ms. Bailey also submitted an After Visit Summary for Mr. Bailey that included a handwritten note that the patient's length of stay was July 21-28, 2021 (Doc. No. 56-1, p. 1). This summary also included information about the admission, a list of providers during the treatment, and discharge instructions. *Id.*, pp. 2-3. Ms. Bailey also submitted what appeared to be an email referencing but not attaching her consecutive and intermittent Family Leave approval letters. *Id.*, p. 4. The rest of the submission included what appears to be medical photos of a person's leg but did not include information about who these photos are of (Doc. No. 56-2, pp. 1-4). The court presumes it to belong to Mr. Bailey given the information included in Ms. Bailey's affidavit, but there is no name listed on the photos or any additional information.

In the Certification, Ms. Bailey also stated that her husband has several medical challenges including an upcoming surgery on his Achilles and then on to his lumbar laminectomy. She also requested that "if a complete discharge is not affirmed, that Your Honor, please consider under the statute, Saxman 325 F. 3d at 1175, grant a discharge of the interest and fees associated with this loan." (Doc. No. 59, p. 1 ¶ 2.) Ms. Bailey also included a letter from a Dr. Hamid Abdollahi excusing Mr. Bailey from something[1] in connection with her husband's undergoing a surgical wound prep and debridement of left posterior calf and ankle.

## DISCUSSION

Under 11 U.S.C. § 350(b), a bankruptcy court may reopen a closed case to administer assets, to accord relief to the debtor, or for other cause. *In re Holley Performance, Prod., Inc.*, No. 09-13333 (KJC), 2015 WL 4638024, at *1 (Bankr. D. Del. July 31, 2015). A bankruptcy court has broad discretion in determining whether to reopen a case. *In re Zinchiak*, 406 F.3d 214, 223 (3d Cir. 2005); *In re Levy*, 256 B.R. 563, 565-66 (Bankr. D.N.J. 2000). In addition, it may consider the merits of the issue sought to be resolved upon reopening to determine whether reopening would be futile. *See, e.g., In re Parque San Patricio, Inc.*, 2004 WL 601729, at *7 (1st Cir. B.A.P. Mar. 14, 2004). Factors for a court to consider, relevant here, include the length of time the case has been closed; whether any parties would be prejudiced were the case reopened or not reopened; the

---

[1] A portion in the first line of the letter that is doctored (in particular, it appears that "White-Out" was applied to the document) so the court cannot determine the purpose of the excuse letter and/or the nature of the activity and length of time that is being excused. *See* Doc. No. 59, p. 3. It is not the court's place to speculate and as such, the document holds very little weight.

extent of the benefit the debtor seeks to achieve by reopening; and whether it is clear at the outset that the debtor would not be entitled to any relief if the case were reopened (*i.e.,* whether reopening the case would be futile). *In re Holley Performance*, 2015 WL 4638024, at *2. Accordingly, to determine whether to grant the Motion to Reopen, the court will consider whether Ms. Bailey's Motion for Reconsideration has any merit.

For the sake of brevity, the court's Memorandum Decision,[2] dated June 30, 2021, is incorporated herein as if set forth in full. There, the court concluded that while Ms. Bailey satisfied the first and third prongs of the test for dischargeability set forth in *Brunner v. New York State Higher Educ. Servs. Corp.*, 831 F.2d 395 (2d Cir. 1987),[3] she had not proved that her husband's medical conditions were likely to persist for a significant portion of the repayment period of the student loans, as needed to satisfy *Brunner's* second prong. *See id.*, 396. Because all three prongs of that test must be satisfied, Ms. Bailey's failure to satisfy the second prong required a finding by the court that the debt to Navient is nondischargeable.

Ms. Bailey seeks reconsideration "on the grounds of it being abundantly clear that the court had not read the additional submissions that were submitted" Doc. No. 49, p. 1, ¶ 1. Since the court ruled in her favor as to the first and third prongs of the *Brunner* test, the court assumes Ms. Bailey is seeking reconsideration of only that portion of its decision as to the second prong of the test.

A motion for reconsideration is not expressly recognized in the Federal Rules of Civil Procedure. *See e.g., In re Drumm*, 329 B.R. 23, 30 (Bankr. W.D Pa. 2005) (*citing In re Hogan,* 79 Fed. Appx. 846 (6th Cir. 2003)). A motion to reconsider is generally considered under Fed. R. Civ. P. 59(e) or Fed. R. Civ. P. 60(b) (made applicable by Fed. R. Bankr. P. 9023 and 9024 respectively). When a reconsideration motion is filed within fourteen (14) days of the judgment, it may be treated as a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e). (*See* Fed. R. Bankr. P. 9023). Otherwise, a reconsideration motion may treated as being one seeking relief pursuant to Fed. R. Civ. P. 60(b). (*See* Fed. R. Bankr. P. 9024). While both rules serve a similar function, each has a separate purpose. *See U.S. v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003); *Benson v. Giant Food Stores, LLC*, C.A. No. 09-cv-3194, 2011 WL 722256 (E.D. Pa. Feb. 28, 2011). Where the motion (filed within fourteen days of the judgment) questions the correctness of the judgment and seeks to re-litigate the original issue before the court, the motion may be treated as one to alter or amend the judgment under Rule 59. *See Rankin v. Heckler*, 761 F.2d 936, 942 (3d Cir. 1985). In contrast, motions under Rule 60(b) must show one or more of the six enumerated grounds for reconsideration.

*In re Grigg*, 2013 WL 5310207, at *1 (Bankr. W.D. Pa. 2013). Here, since Ms. Bailey failed to file her motion within 14 days of the Judgment, the court can only consider whether she is entitled to relief under Rule 60(b), made applicable here by Fed. R. Bankr. P. 9024.

The grounds justifying reconsideration under Rule 60(b) are:

---

[2] *In re Bailey*, No. 19-15531-ABA, 2021 WL 2760039, at *1 (Bankr. D.N.J. June 30, 2021).

[3] The Third Circuit adopted the *Brunner* test in *Pennsylvania Higher Educ. Assistance Agency v. Faish*, 72 F.3d 298, 300 (3d Cir. 1995).

>(1) mistake, inadvertence, surprise, or excusable neglect;
>(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>(4) the judgment is void;
>(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is considered extraordinary, and parties are required to show exceptional circumstances to prevail. *United States v. Proceeds of Sale*, 857 F.2d 46, 48 (1st Cir. 1988); *Di Vito v. Fidelity and Deposit Company*, 361 F.2d 936, 938 (7th Cir. 1966). The court will address the grounds in turn, below.

### 1. **Mistake, Inadvertence, Surprise, Or Excusable Neglect**

The court takes Ms. Bailey's argument that the court not having read the additional submissions that were submitted as suggesting the court made a mistake entitling Ms. Bailey to relief under Rule 60(b)(1).[4] It is unclear whether Ms. Bailey is alleging the court made a legal error or a factual error. The court will address both.

Whether "mistake" can include legal error, an issue dividing other courts, has not been determined by the Third Circuit. *Sanders v. Downs*, 622 Fed. Appx. 127, 129 (3d Cir. 2015). Those courts allowing it, do so only where the motion is made within the time allowed for appeal, *id.*, thereby preventing its use to avoid the time limitations for appeals. *Dunkin' Donuts, Inc. v. Arkay Donuts, LLC*, No. CIV. 05-387 (WHW), 2006 WL 2417241, at *17 (D.N.J. Aug. 21, 2006). In cases in New Jersey where this issue arose, the time for appeal had passed, thus the courts did not rule on whether this district would also allow "mistake" to include legal error rather than only factual errors. *See, e.g. In re Jersey Integrated Healthpractice, Inc.*, 01-36612, 2007 WL 1725278, at *2 (Bankr. D.N.J. June 12, 2007); *Dunkin' Donuts, Inc. v. Arkay Donuts, LLC*, 2006 WL 2417241, at *7.

The time for filing an appeal is 14 days after entry of the judgment or order being appealed. Fed. R. Bankr. P. 8002(a)(1). "Entry" of a judgment or order occurs when it is entered on the court's docket pursuant to Rule 5003(a). Fed. R. Bankr. P. 8002(a)(5)(A)(i). The Judgment was entered on the docket in this case on June 30, 2021. The Motion to Reopen and Motion for Reconsideration were not filed until July 19, 2021. Consequently, as Ms. Bailey failed to timely file the motions, any claim to setting aside the judgement due to legal error is barred.

---

[4] Ms. Bailey has not alleged that the court made a mistake with regard to the evidence presented at trial and to the extent she believes it did so, nothing has been set forth clearly in her Motion.

Nevertheless, to the extent Ms. Bailey suggests that the court made a legal error with regard to the test employed by the court when determining the matter, that position is flawed. As was fully explained to Ms. Bailey at the inception of the trial, courts in the Third Circuit are bound by the legal precedent set forth in *Pennsylvania Higher Educ. Assistance Agency v. Faish*, 72 F.3d 298, 300 (3d Cir. 1995), which adopted the Second Circuit's *Brunner* test to determine the existence of an "undue hardship" under § 523(a)(8). *See Brunner v. New York State Higher Educ. Servs. Corp.,* 831 F.2d 395, 396 (2d Cir. 1987). Indeed, even in her post-trial submission, Ms. Bailey recognizes that the three-prong *Brunner* test is employed here. *See* Doc. No. 46, p. 2. This court has no choice. It must follow the precedent established by the Third Circuit in applying the *Brunner* test. As recognized by the court in *Camden Cty. Hist. Soc'y v. Dep't of Transportation,* 371 F. Supp. 3d 187 (D.N.J. 2019):

> Vertical *stare decisis* may be best defined thusly: "[b]inding precedent for all is set only by the Supreme Court, and for the district courts within a circuit, only by the court of appeals for that circuit." *In re Korean Air Lines Disaster of Sept. 1, 1983*, 829 F.2d 1171, 1176 (D.C. Cir. 1987) (per Ginsburg, J.), *aff'd sub nom.* by *Chan v. Korean Air Lines, Ltd.*, 490 U.S. 122, 109 S. Ct. 1676, 104 L. Ed. 2d 113 (1989); see also, Evan H. Caminker, *Why Must Inferior Courts Obey Superior Court Precedents?*, 46 Stan. L. Rev. 817, 824 (1994) ("A court must follow the precedents established by the court(s) directly above it. District courts must follow both Supreme Court decisions and those issued by whichever court of appeals has revisory jurisdiction over its decisions, and courts of appeals must heed Supreme Court decisions."). A lower court is "bound to follow both the reasoning and result of a case, and not simply to the result alone." *Planned Parenthood of Se. Pa. v. Casey,* 947 F.2d 682, 692 (3d Cir. 1991), *aff'd in part, rev'd in part* by 505 U.S. 833, 112 S. Ct. 2791, 120 L.Ed.2d 674 (1992); see also, *United States v. Martinez-Cruz*, 736 F.3d 999, 1006 (D.C. Cir. 2013) ("As a lower court in a system of absolute vertical stare decisis headed by one Supreme Court, it is essential that we follow both the words and the music of Supreme Court opinions.") (Kavanaugh, J., dissenting).

*Id.*, 190. Accordingly, the court cannot apply the reasoning in the two cases cited by Ms. Bailey that apply a different test or, for that matter, other cases applying a different variation of the *Brunner* test because this court is bound by the Third Circuit precedent that provides for a strict application. Consequently, there was no mistake attributable to a legal error in applying the *Brunner* test to this case.

As to a mistake attributable to a factual error, Ms. Bailey stated that it is "abundantly clear that the court had not read the additional submissions that were submitted." Doc. No. 49, p. 1 ¶ 1. She further accused the court of not making an informed decision for two reasons: 1) she received the June 30, 2021 Memorandum Decision on July 2, 2021 and she is in "extreme disbelief that what I submitted was considered prior to creating the memorandum document." Doc. No. 49, p. 1 ¶ 1; and 2) this is "evidenced by the lack of acknowledgement of the additional submissions, per the Memorandum Decision, Section B, Prong 2, Page 7, which stated that 'Ms. Bailey refused to

give any further details about her husband's medical condition.'"[5] Both statements are meritless and unfounded.

As to the first reason, even though her post-trial brief was untimely, the court nevertheless reviewed it. There, Ms. Bailey stated that the surgery her husband had on June 1, 2021 was an Achilles surgery, that he had an upcoming spinal surgery on July 6, 2021, and that he has diabetes and heart disease (Doc. No. 46, p. 1 ¶ 1). However, what was not considered, explained in footnote 1 of the Memorandum Decision, was the New Evidence not provided by Ms. Bailey at trial.[6] Ms. Bailey did not then move to reopen the trial record to permit the New Evidence, thus it would have been inappropriate for the court to consider it. *In re Poymanov*, 17-10516 (MKV), 2017 WL 3207742, at *3 (Bankr. S.D.N.Y. July 27, 2017); *In re H & M Oil & Gas, LLC*, 511 B.R. 408, 421 (Bankr. N.D. Tex. 2014); *In re Wyman*, 573 B.R. 318, 321 (Bankr. D. Mass. 2017).

Even though this should end the discussion, the court is compelled to respond to Ms. Bailey's suggestion that a mistake was made due to a factual error in not considering the submissions. As stated above, the New Evidence included a one-page summary describing lumbar laminectomy surgery with no specific reference to any patient, a recurring payment confirmation letter to Sallie Mae, bank statements and checks from Wells Fargo and Police and Fire Federal Credit Union from 2015-2019, and what appears to be Ms. Bailey's account history with Navient from 2006-2019. Of that, only *one* page is relevant to the second prong of the *Brunner* and even then, it is simply a general explanation of what procedure was planned. Accordingly, even if the court could have considered that New Evidence, it would have had no impact on the Memorandum Decision. *See In re H & M Oil & Gas, LLC*, 511 B.R. 408, 421 (Bankr. N.D. Tex. 2014) (rejecting attempt by counsel to supplement the evidentiary record with documents, stating in part that even if considered the documents, their admission would not change the court's finding); *Atkinson v. Prudential Prop. Co.*, 43 F.3d 367, 373 (8th Cir. 1994) (finding that plaintiff had a full and fair opportunity to litigate his claim, the district court properly found that he had failed to comply with the statute, and the "newly-discovered" letter did not disturb that finding); *MCI Telcoms. Corp. v. Matrix Communs. Corp.*, 171 F.R.D. 7, 9 (D. Mass. 1997) (holding that even if "new" evidence had been presented at trial, it was of "marginal relevance" to the primary issue before the court). As for the remaining New Evidence, all of it related to the third prong of the *Brunner* test,[7] a prong which the court found was satisfied by Ms. Bailey, and thus, no further discussion is warranted or relevant.

As to Ms. Bailey's pointing out the language in the Memorandum Decision at Section B, Prong 2, page 7, which stated that "Ms. Bailey refused to give any further details about her husband's medical condition," the fact is, at trial, when Navient could have cross-examined her,

---

[5] It should be noted that the court raised other concerns about the inability to satisfy the second prong of the *Brunner* test, however, since Ms. Bailey's Motion for Reconsideration focuses on its consideration of the medical conditions, the court will only address that aspect.

[6] In hindsight, perhaps footnote 1 was not artfully drafted. Perhaps the court could have been clearer in stating that it considered her brief but not the New Evidence. But this does not change the outcome then or now.

[7] With regard to the remaining New Evidence, even Ms. Bailey states "to capture prong three of good faith payments, I have provided all the copies of bank records I could get as the banks only keep records for 7 years, including a Salle Mae recurring payment confirmation letter." (Doc. No. 46, p. 1 ¶ 2).

Ms. Bailey absolutely did refuse to provide any information. Perhaps she believed that she could not divulge her husband's medical information because it would have been a HIPAA violation, but that was her choice in presenting her case, even though that belief may have been misplaced.[8] And while she did eventually reveal her husband's condition in her post-trial brief, a condition understood by the court when rendering its decision, it misses the point. The very next few lines in the portion of the Memorandum Decision she cites explain:

> So, the court has no idea how severe the husband's conditions are, whether they will persist, how long will they persist, whether he will be able to work at *any* other job again. The court does not know what the scheduled surgery is for and whether it will prevent gainful employment. The court only has general information of the husband's medical condition and a surgery this summer.

Memorandum Decision, p. 7. Disclosing the husband's medical condition and upcoming surgery in the post-trial submission did not answer these questions. Nor did the New Evidence. The court is not a doctor. Neither is Ms. Bailey. The court cannot guess how severe the illness is or how long it will persist. The court does not have the capacity to diagnose the illness nor does it have the ability to conduct an analysis on the unsupported medical documents submitted. Ms. Bailey's bald statements or purported medical documents, which contain no analysis by an expert, do not assist the court in determining that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans—the second prong of the *Brunner* test. There was no mistake attributable to a factual error in applying the second prong of the *Brunner* test to the facts presented in this case.

Likewise, relief under the theories of inadvertence, surprise, and/or excusable neglect cannot be had. Relief under these theories center around a party's or their own counsel's inadvertence, surprise, and/or excusable neglect—not by the court. Ms. Bailey is a self-represented party. There was no attorney mistake. And dissatisfaction in hindsight is not grounds for finding inadvertence, surprise or excusable neglect necessary to justify Rule 60(b)(1) relief. *In re DeMartino*, 484 B.R. 550, 558 (Bankr. E.D.N.Y. 2012), *aff'd,* No. 09-40443 JF, 2014 WL 1572580 (E.D.N.Y. Apr. 17, 2014) *citing Nemaizer v. Baker*, 793 F.2d 58, 62 (2d Cir. 1986). "Carelessness by a litigant or his counsel does not afford a basis for relief under Rule 60(b)(1)." *In re Bushman*, 311 B.R. 91, 96 (Bankr. D. Utah 2004). As noted above, relief under Rule 60(b) is considered extraordinary and parties are required to show exceptional circumstances to prevail. Here, Ms. Bailey has shown none.

Rule 60(b)(1) is "intended to provide relief to a party in only two instances: (1) when the *party* has made an excusable litigation mistake or an attorney in the litigation has acted without authority; or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000) (emphasis added). For

---

[8] HIPAA is the Health Insurance Portability and Accountability Act of 1996 (HIPAA), which sets national standards for the protection of certain health information by organizations subject to the HIPAA. These usually include health care providers or health plan providers. *See* https://www.hhs.gov/hipaa/for-professionals/privacy-laws-regulations/index.html. As such, it is unlikely that Ms. Bailey would have been bound from testifying about her husband's medical conditions under HIPAA.

the forgoing reasons, Ms. Bailey has not shown any circumstances, let alone exceptional circumstances. As such, there can be no claim for relief under Rule 60(b)(1).

### 2. Newly Discovered Evidence

By submitting additional documents, Ms. Bailey implicitly argues for relief under Rule 60(b)(2) which provides grounds for relief from a final judgment on the basis that there is "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). Under Rule 60(b)(2), newly discovered evidence which by reasonable diligence *could not have been discovered in time* to move for a new trial under Rule 59(b) can give rise to relief from a judgment or order. Both Rule 59 and Rule 60(b)(2) share the same standard for granting relief on the basis of newly discovered evidence, therefore cases discussing Rule 59 on the basis of newly-discovered evidence are equally relevant here. *Compass Tech., Inc. v. Tseng Lab'ys, Inc.,* 71 F.3d 1125, 1130 (3d Cir. 1995). "Rule 60(b)(2) dictates that if a party is moving for reconsideration based upon newly discovered evidence, the evidence must not have been discoverable in time to move for a new trial pursuant to Rule 59(b)." *In re Reading Broad., Inc.*, 386 B.R. 562, 568 (Bankr. E.D. Pa. 2008). Newly discovered evidence refers to evidence that: (1) is material and not merely cumulative; (2) was not discoverable before trial through the exercise of reasonable diligence; and (3) would probably have changed the outcome of the trial. *Compass Technology, Inc. v. Tseng Laboratories, Inc.,* 71 F.3d 1125, 1130 (3d Cir. 1995). The movant bears a "heavy burden," which requires "more than a showing of the potential significance of the new evidence." *Bohus v. Beloff,* 950 F.2d 919, 930 (3d Cir. 1991) (quoting *Plisco v. Union R. Co.,* 379 F.2d 15. 17 (3d Cir. 1967), *cert. denied,* 389 U.S. 1014 (1967). Relief should only be granted when extraordinary justifying circumstances are present. *In re Reading Broad., Inc.*, 386 B.R. at 568.

The alleged "newly-discovered" evidence offered by Ms. Bailey consists of the New Evidence and the Additional New Evidence. Neither meets the standards for newly discovered evidence under Rule 60(b)(2). By its plain meaning, evidence that could have been offered earlier is not newly discovered. *In re Jamuna Real Est., LLC*, 392 B.R. 149, 158 (Bankr. E.D. Pa. 2008) (citing *Plaisted v. Geisinger Med. Ctr.,* 210 F.R.D. 539, 542 (M.D. Pa. 2002)). The New Evidence revealed that Mr. Bailey's June 1, 2021 surgical procedure was on his Achilles tendon and that he had an upcoming spinal surgery scheduled for July 6, 2021, was available to her at the time of trial but she declined to discuss it.

Ms. Bailey argued that she did not refuse to divulge her husband's medical information at trial but wanted to get his consent before revealing the nature of his medical conditions. However, Ms. Bailey was aware of the trial date and included information alluding to her husband's medical challenges in her Pre-Trial Brief. (Doc. No. 31, p. 2 ¶ 3.) Accordingly, she had ample opportunity to obtain his permission to discuss his medical information.

Nevertheless, even if this court were to consider the New Evidence and Additional New Evidence, the evidence is not material, is cumulative, and probably would not have changed the outcome of the trial. *See Compass Tech., Inc. v. Tseng Laboratories, Inc.* at 1130. For one, having not produced the evidence to Navient prior to the trial, it would not have been admissible at trial. In addition, "more than a showing of the potential significance of the new evidence is necessary to justify the granting of a new trial after judgment has become final." *Pilsco v. Union R.R. Co.,* 379 F.2d 15, 16 (3d Cir. 1967). As to the "medical evidence," there is no support or explanation by an expert, it is not authenticated, and Ms. Bailey's testimony regarding it would have been hearsay. Again, the court is not a doctor, and it is not its task or burden to diagnose and analyze how the information supports that Mr. Bailey's health issues precludes his working <u>and</u> *most importantly*, are likely to persist for a significant portion of the loan repayment period. That is Ms. Bailey's burden, and she has not met it. Likewise, the submissions in the New Evidence with regard to the payment history are only material to the third prong of the *Brunner* test, which the court had already found Ms. Bailey had satisfied. To be sure, Ms. Bailey even acknowledged that portion of the New Evidence was only "to capture prong three of good faith payments" (Doc. No. 46, p. 1 ¶ 2). Thus, the "evidence" would not have changed the outcome of the trial, failing the third element for the standard of newly discovered evidence under Rule 60(b)(2).

Moreover, the Additional New Evidence contains information regarding events that occurred after the trial was conducted and Ms. Bailey's motions were filed. Specifically, Ms. Bailey describes her husband's hospitalization on July 21, 2021, informs that he will have additional surgery on his Achilles, and provides a doctor's excuse letter dated August 25, 2021. This "evidence" does not meet the requirements under Rule 60(b)(2) as it did not exist at the time of trial. *See Houser v. Folino*, No. 2:10-CV-00416, 2016 WL 1555518, at *1 (W.D. Pa. Apr. 18, 2016), *aff'd*, 927 F.3d 693 (3d Cir. 2019) (citing *Bohus v. Beloff* at 930).

Even if this court were to consider the evidence presented in these submissions as "newly discovered" within the meaning of Rule 60(b)(2), none of it demonstrates that the medical challenges her husband is currently dealing with prevents him from financially contributing to household expenses in the future that would allow Ms. Bailey to pay her student loans. The submissions provide generalized statements and references to ongoing and future medical procedures, but nothing demonstrates that Mr. Bailey is unable to work any type of job. Nothing shows that he cannot qualify for unemployment or disability payments in the future to contribute to household expenses. Ms. Bailey also did not provide any evidence demonstrating that her mother, who does receive disability payments and contributes $250 a month to household expenses, cannot contribute more to allow Ms. Bailey to make her student loan payments to Navient. Accordingly, Ms. Bailey has not overcome her burden of proof under the second prong of the *Brunner* test to be eligible for an undue hardship discharge under § 523(a)(8) even if the court considered the New Evidence and/or the Additional New Evidence. As such, there can be no claim for relief under Rule 60(b)(2).

### 3. Fraud (Whether Previously Called Intrinsic or Extrinsic), Misrepresentation, or Misconduct by an Opposing Party

Under Rule 60(b)(3), grounds for relief from a final judgment, order, or proceeding may be made where there is "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). The Third Circuit has set forth general principles applicable to Rule 60(b)(3) motions. To prevail under Rule 60(b)(3), the movant must establish that 1) the adverse party engaged in fraud or other misconduct and 2) this conduct prevented the movant from fully and fairly presenting their case. *Floorgraphics Inc. v. News Am. Mktg. In-Store Servs., Inc.,* 434 F. App'x 109, 111–12 (3d Cir. 2011). If Ms. Bailey meant to raise fraud or misrepresentation or other misconduct as a basis for relief from the Judgment under Rule 60(b)(3), she has ***NEVER*** presented any clear and convincing evidence that Navient engaged in fraud or misconduct that prevented her from fully and fairly presenting her case. As such, there can be no claim for relief under Rule 60(b)(3).

### 4. The Judgment is Void

Rule 60(b)(4) provides that relief from a final judgment, order, or proceeding may be made when "the judgment is void." Fed. R. Civ. P. 60(b)(4). The Supreme Court in its decision in *United Student Aid Funds, Inc. v. Espinosa* discusses void judgments under Rule 60(b)(4):

> A void judgment is a legal nullity. *See* Black's Law Dictionary 1822 (3d ed.1933); *see also id.,* at 1709 (9th ed. 2009). Although the term "void" describes a result, rather than the conditions that render a judgment unenforceable, it suffices to say that a void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final. *See* Restatement (Second) of Judgments 22 (1980); *see generally id.,* § 12. The list of such infirmities is exceedingly short; otherwise, Rule 60(b)(4)'s exception to finality would swallow the rule. "A judgment is not void," for example, "simply because it is or may have been erroneous." *Hoult v. Hoult,* 57 F.3d 1, 6 (C.A.1 1995); 12 J. Moore et al., Moore's Federal Practice § 60.44[1][a], pp. 60–150 to 60–151 (3d ed. 2007) (hereinafter Moore's). Similarly, a motion under Rule 60(b)(4) is not a substitute for a timely appeal. *Kocher v. Dow Chemical Co.,* 132 F.3d 1225, 1229 (C.A.8 1997); see Moore's § 60.44 [1][a], at 60–150. Instead, Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard. See *United States v. Boch Oldsmobile, Inc.,* 909 F.2d 657, 661 (C.A.1 1990); Moore's § 60.44[1][a]; 11 Charles A. Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice & Procedure § 2862, p. 331 (2d ed. 1995 and Supp. 2009); cf. *Chicot County Drainage Dist. v. Baxter State Bank,* 308 U.S. 371, 376, 60 S. Ct. 317, 84 L. Ed. 329 (1940); *Stoll v. Gottlieb,* 305 U.S. 165, 171–172, 59 S. Ct. 134, 83 L. Ed. 104 (1938).

*United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270–71, 130 S. Ct. 1367, 1376–77, 176 L. Ed. 2d 158 (2010). Ms. Bailey does not and cannot make any claims or provide any evidence in her motion that the court's judgment was premised on any jurisdictional error or on a violation of due process that deprived her of notice or the opportunity to be heard. Undeniably, Ms. Bailey did not produce any of the documents filed after the trial to Navient, thus it would have violated Navient's due process if the court had considered the evidence without Navient being able to cross examine Ms. Bailey on it. As such, there can be no claim for relief under Rule 60(b)(4).

### 5. The Judgment Has Been Satisfied, Released, or Discharged; it is based on an Earlier Judgment that has been Reversed or Vacated; or Applying it Prospectively is no Longer Equitable

Rule 60(b)(5) provides grounds for relief from a final judgment, order, or proceeding when "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(5). None of Ms. Bailey's arguments implicate the first two bases for relief. Regarding the third clause, the Supreme Court has stated that a movant may be permitted to "obtain relief from a judgment or order if, among other things, 'applying [the judgment or order] . . . is no longer equitable. Rule 60(b)(5) may not be used to challenge the legal conclusions on which a prior judgment or order rests, but the Rule provides a means by which a party can ask a court to modify or vacate a judgment or order if 'a significant change either in factual conditions or in law' renders continued enforcement 'detrimental to the public interest.'" *Horne v. Flores*, 557 U.S. 433, 447 (2009) (quoting *Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 384 (1992)). "The party seeking relief bears the burden of establishing that changed circumstances warrant relief, . . . but once a party carries this burden, a court abuses its discretion 'when it refuses to modify an injunction or consent decree in light of such changes.'" *Horne*, 557 U.S. at 447 (quoting *Agostini v. Felton*, 521 U.S. 203, 215 (1997)).

Ms. Bailey newly argued that bankruptcy courts may partially discharge a student loan (Doc. No. 49, p. 1-2). In doing so, she states "If a complete discharge is not affirmed, that Your Honor, please consider under the aforementioned statute, grant a discharge of the interest and fees associated with this loan. With the confirmed letter sent from Navient stating the amount paid on the loan was $31,690.98, the remaining balance is $1,642.02." (Doc. No. 49, p. 2 ¶ 2). But neither party at trial swayed the court on their position with regard to this confirmed letter, and similarly, Ms. Bailey's submissions subsequent to trial have do not meet the requirements for reconsideration, and even if they did, do not support her contention that the loan has been paid down to $1,642. The sole issue here is the dischargeability of the debt to Navient not the amount due. This is a fully administered and closed chapter 7 case. If. Ms. Bailey seeks to challenge the amount of the debt due, she may attempt to do so in another court of appropriate jurisdiction.

Most importantly, by asking the court to partially discharge the debt, Ms. Bailey suggests that this court can overlook binding Third Circuit precedent by granting a partial discharge when all the prongs of *Brunner* have not been met. In support, Ms. Bailey cites *Bossardet v. Educ. Credit Mgmt. Corp.,* 336 B.R. 451 (Bankr. D. Ariz. 2005) (applying Ninth Circuit precedent); *Ayele v. Educ. Credit Mgmt. Corp.,* 468 BR. 24 (Bankr. D. Mass. 2012) (applying First Circuit precedent); and *Saxman v. Educ. Credit Mgmt Corp.,* 325 F. 3d 1168 (9th Cir. 2003). However, as stated previously, this court is not governed by cases in other jurisdictions and is actually *bound* by Third Circuit precedent—here, the strict application of the *Brunner* test, which does not sanction partial discharge.

What is more, the Ninth Circuit, as well as other courts, specifically held that before a bankruptcy court can exercise its equitable authority to partially discharge a student loan debt, a debtor *must still first satisfy all three prongs of the Brunner test. Saxman*, 1173-74. That circuit acknowledged that "[t]he problem with permitting partial discharge without first finding that the *Brunner* test has been satisfied is that the equitably-based principle of partial discharge would then have the very real potential to eviscerate the statutorily-based undue hardship provision." *Id.* at 1174. As such, there can be no claim for relief under Rule 60(b)(5).

### 6.    Any Other Reason that Justifies Relief

Finally, Rule 60(b)(6), referred to as the "catchall provision," provides grounds for relief from a final judgment, order, or proceeding for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Providing extraordinary relief, Rule 60(b)(6) "may only be invoked upon a showing of exceptional circumstances." *Coltec Indus., Inc. v. Hobgood,* 280 F.3d 262, 273 (3d Cir. 2002). To meet the standard of demonstrating exceptional circumstances, a movant must show "that without relief from the judgment, 'an 'extreme' and 'unexpected' hardship will result.'" *Budget Blinds, Inc. v. White,* 536 F.3d 244, 255 (3d Cir. 2008) (quoting *Mayberry v. Maroney,* 558 F.2d 1159, 1163 (3d Cir. 1977)). "Extraordinary circumstances" are rarely present when a party seeks relief from a judgment that resulted from the party's deliberate choices. *Budget Blinds*, 255. Rule 60(b)(6) is not to be used as a substitute for an appeal. *Rivera v. Scism,* 472 Fed. Appx. 105, 106 (3d Cir. 2012).

Ms. Bailey did not submit any evidence from anyone who could have assisted the court in determining that the state of affairs as to her husband's illness and that the state of affairs *is likely to persist for a significant portion of the repayment period of the student loans*—the second prong of the *Brunner* test. Instead, she submitted general statements about medical conditions and appointments and other irrelevant evidence to the second prong of the *Brunner* test. As such, there can be no claim for relief under Rule 60(b)(6).

## CONCLUSION

For all the reasons described above, this court finds that as reopening this case to prosecute Ms. Bailey's Motion for Reconsideration would be futile, the court will deny her Motion to Reopen.

Should Ms. Bailey's circumstances change in the future, she will have to file a new and separate adversary proceeding seeking nondischargeability under section 523(a)(8). A motion for reconsideration is not the appropriate route.

An appropriate judgment has been entered consistent with this decision.

/s/ Andrew B. Altenburg, Jr.
United States Bankruptcy Judge

Dated: September 22, 2021